IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHELLE LOCKHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18cv951-GMB |
| | ) | [wo] |
| BIO-MEDICAL APPLICATIONS OF | ) | |
| ALABAMA, INC. d/b/a FRESENIUS | ) | |
| MEDICAL CARE CAPITOL CITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Now before the court is a Motion to Remand filed by the Plaintiff, Michelle

Lockhart. Doc. 6. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73,

the parties have consented to the jurisdiction of a United States Magistrate Judge. Docs.

10, 11 & 12. After careful consideration of the parties' submissions and the applicable

law, for reasons to be discussed, the Motion to Remand is due to be DENIED.

## I. FACTS AND PROCEDURAL BACKGROUND

Lockhart is a black woman who brings claims against her former employer, Bio-

Medical Applications of Alabama, Inc. d/b/a/ Fresenius Medical Care Capitol City and

Fresenius Medical Care Holdings, Inc. d/b/a/ Fresenius Medical Care North America

(collectively, "Fresenius"). Lockhart began her employment as a dialysis technician and

was employed in various capacities from October 2002 until her termination in 2017. At

the time of her termination, Lockhart was a Biomedical Technician I.  Lockhart alleges in her complaint that she was not offered training that was made available to a white male employee for the Biomedical Technician I position and, as a result, an audit revealed high results on cultures and she was terminated.  She also alleges that a white male employee who failed to draw cultures was not punished or terminated.

On September 18, 2018, Lockhart filed a complaint in the Circuit Court of Montgomery County, Alabama bringing claims for race discrimination in violation of 42 U.S.C. § 1981, gender discrimination in violation of 42 U.S.C. § 2000e, *et seq*. ("Title VII"), interference with job, and negligent hiring, training and supervision. Doc. 1-2.

On November 7, 2018, the defendants removed the case to this court on the basis of federal question jurisdiction. Doc. 1. Lockhart does not dispute that the removal was timely. Doc. 14 at 2.

## II.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Repub. St. Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at

1095.

## III.   DISCUSSION

In the Motion to Remand, Lockhart challenges Fresenius' removal on the ground that her case may be heard in state court because this court and the state courts have concurrent jurisdiction over her federal claims.   Lockhart is correct in pointing out that this court's jurisdiction over her Title VII claim is concurrent, and not exclusive. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990).   However, concurrent jurisdiction does not deprive Fresenius of the right to remove the case to federal court. *See* 28 U.S.C. § 1441 ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.")

In *Chilton v. Savannah Foods and Industries, Incorporated*, 814 F.2d 620, 622–23 (11th Cir. 1987), the Eleventh Circuit held that the removal of a case to federal court is proper when the federal court has concurrent jurisdiction over a plaintiff's claim.   The court explained that an argument that such a removal is not appropriate would "disallow removal of cases over which state and federal courts have concurrent jurisdiction by equating 'original jurisdiction' with 'exclusive jurisdiction.'" *Id.*   Moreover, equating original and exclusive jurisdiction would make 28 U.S.C. § 1441 meaningless. *Id.*; *see also*

*Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1264 (11th Cir. 1998) ("[W]e have held that where

Congress has granted concurrent jurisdiction to state and federal courts, removal is not

barred."). The legal principle that federal claims over which state courts have concurrent

jurisdiction still may be removed to federal court is regularly applied by federal district

courts. *See, e.g.*, *Pierre v. Miami-Dade Cty.*, 2006 WL 8433535, at *1 (S.D. Fla. Feb. 14,

2006) ("Merely because a state court may hear a case involving a federal claim does not

mean that a defendant is divested of his right to remove that case to federal court");

*Mathews v. Anderson*, 826 F. Supp. 479, 480 n.1 (M.D. Ga. 1993) (stating that "concurrent

jurisdiction does not destroy a defendant's right to remove a case that could have been filed

in federal court"). Furthermore, the instant case does not present a situation in which

Congress has "expressly provided" against removal. *See Spencer v. S. Fla. Water Mgmt.*

*Dist.*, 657 F. Supp. 66, 67 (S.D. Fla. 1986). To the contrary, Title VII cases are routinely

removed. Nor is this a case in which the facts would support a Title VII claim but the

plaintiff has relied only on state-law theories of recovery. *See, e.g., Mathews*, 826 F. Supp.

at 482. Instead, Lockhart explicitly pleaded a Title VII claim, as well as a § 1981 claim,

over which this court has original subject matter jurisdiction. 28 U.S.C. 1331. The court

also may exercise supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367.

Therefore, this court has subject matter jurisdiction and the timely removal to federal court

in this case is consistent with the removal statute. 28 U.S.C. § 1441.

## IV.   CONCLUSION

For these reasons, it is ORDERED that the Motion to Remand is hereby DENIED.

DONE this 7th day of January, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE