IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHELLE LOCKHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18cv951-GMB |
| | ) | [wo] |
| BIO-MEDICAL APPLICATIONS OF | ) | |
| ALABAMA, INC. d/b/a FRESENIUS | ) | |
| MEDICAL CARE CAPITOL CITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the court are the defendants' Partial Motion to Dismiss Plaintiff's State Law Claims (Doc. 2) and the plaintiff's Motion to Amend Complaint. Doc. 20.

On September 18, 2018, Lockhart filed a complaint in the Circuit Court of Montgomery County, Alabama bringing claims for race discrimination in violation of 42 U.S.C. § 1981, gender discrimination in violation of 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and state-law claims of "interference with job" and negligent hiring, training, and supervision. Doc. 1-2. On November 7, 2018, the defendants removed the case to this court on the basis of federal question jurisdiction. Doc. 1. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have consented to the jurisdiction of a United States Magistrate Judge. Docs. 10, 11 & 12. The court subsequently denied a motion to remand. Lockhart now seeks to remove one of the named defendants through amendment of her complaint, and the defendants seek dismissal of her state-law claims. After careful consideration of the parties' submissions and the applicable law, for reasons

to be discussed, the Partial Motion to Dismiss is due to be GRANTED and the Motion to Amend is due to be GRANTED in part and DENIED in part.

## I.  JURISDICTION AND VENUE

The court has subject-matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 and § 1367.  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The facts as alleged in the complaint are as follows:

Lockhart is a black woman who brings claims against her former employer Bio-Medical Applications of Alabama, Inc. d/b/a/ Fresenius Medical Care Capitol City and Fresenius Medical Care Holdings, Inc. d/b/a/ Fresenius Medical Care North America (together "Fresenius").  Lockhart began her employment as a dialysis technician and was employed in various capacities from October 2002 until her termination in 2017.  At the time of her termination, Lockhart was a Biomedical Technician I.  Lockhart alleges in her complaint that she was not offered training that was made available to a white male employee for the Biomedical Technician I position and, as a result, an audit revealed high results on cultures for which she was terminated.  She also alleges that a white male employee who failed to draw cultures was not punished or terminated.

## III.  STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  To survive a motion to dismiss, a complaint must include

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *id.*, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

In her Motion to Amend, Lockhart asks to remove Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America as a defendant in this case. Fresenius does not object to this aspect of Lockhart's motion, but does argue that Lockhart ought not be allowed to plead her state-law claims against the remaining defendant because this amendment would be futile for the same reasons articulated in its pending motion to dismiss. In that motion, Fresenius seeks to dismiss Lockhart's state-law claims in Count III of the complaint for "interference with job" and in Count IV for negligent hiring, training, and supervision. Fresenius argues that "interference with job" is not a claim recognized under Alabama law, and that even construing the claim as one for interference with a business relationship Lockhart has not alleged facts supporting that claim. Fresenius further argues that without an underlying tort there can be no claim for negligent hiring, training, and supervision.

3

Lockhart does not respond to the arguments regarding the interference with employment/business relations claim, but does argue that Alabama law recognizes a claim for negligent hiring and training.

Under Alabama law, the tort of wrongful interference with a business relationship has five elements: (1) the existence of a protected business relationship; (2) of which the defendant knew; (3) to which the defendant was a stranger; (4) with which the defendant intentionally interfered; and (5) damage. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1302 (11th Cir. 2010). "The third element in that framework . . . places the burden on the plaintiff to establish (or at this stage to plead) that the defendant was a stranger to the protected business relationship with which the defendant interfered." *Id.*

In her complaint, Lockhart alleges that Fresenius hired her. Doc. 1-1 at ¶ 9. She alleges in her interference claim that Fresenius improperly terminated her employment with Fresenius. Doc. 1-1 at ¶ 42. Lockhart, therefore, has alleged that she had a business relationship with Fresenius, not that Fresenius was a stranger to any business relationship with her. Accordingly, her interference claim is due to be dismissed.

Furthermore, to state a claim against an employer for negligent supervision, training, hiring, the plaintiff must plead that an allegedly incompetent employee committed a common-law tort. *McCaulley v. Harvard Drug Grp., LLC*, 992 F. Supp. 2d 1192, 1198 (N.D. Ala. 2014). Because Lockhart cannot state a claim against Fresenius for interference with the business relationship with her—the only tort she has attempted to allege—she likewise has failed to state a claim for negligent supervision, hiring, and training.

The Partial Motion to Dismiss therefore is due to be granted. Because an amendment seeking to include the state-law claims would be futile for the reasons

supporting the dismissal of these claims, Lockhart is not allowed to amend her complaint to restate her state-law claims. She is, however, allowed to file an amended complaint bringing her federal claims only against Bio-Medical Applications of Alabama, Inc. d/b/a Fresenius Medical Care Capitol City.

## V. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. The Partial Motion to Dismiss (Doc. 2) is GRANTED and the claims in Counts III and IV of the Complaint are DISMISSED with prejudice.

2. The Motion to Amend (Doc. 20) is GRANTED to the extent that the Plaintiff is given until **February 27, 2019** to file an Amended Complaint which brings only her federal claims in Count I and II as pled in the attachment (Doc. 20-1) against Bio-Medical Applications of Alabama, Inc. d/b/a Fresenius Medical Care Capitol City.

DONE this 20th day of February, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE